**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


| | | |
|---|---|---|
| ROBERT KOLESAR as attorney-in-fact | * | |
| for and on behalf of Vera Kolesar | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | NO: 4:10CV02083  SWW |
| | * | |
| EVANGELICAL LUTHERAN GOOD | * | |
| SAMARITAN SOCIETY, doing | * | |
| business as GOOD SAMARITAN | * | |
| CAMPUS HOT SPRINGS, ET AL. | * | |
| | * | |
| Defendants | * | |


## <u>ORDER</u>

Plaintiff Robert Kolesar commenced this action in state court, and Defendants removed the case, claiming federal subject matter jurisdiction based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.  Before the Court is plaintiff's motion to remand (docket entries #8, #9) and defendants' response in opposition (docket entries #12, #13).  After careful consideration, and for reasons that follow, the motion to remand will be granted, and the case will be returned to the state court from which it was removed.

**I.**

On December 2, 2010, plaintiff  filed this action in state court, seeking compensatory and punitive damages for alleged injuries suffered by his wife, Vera Kolesar ("Kolesar"), during her stay at Good Samaritan Campus in Hot Springs ("Good Samaritan").  Plaintiff names as

defendants Evangelical Lutheran Good Samaritan Society; Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus Hot Springs; Good Samaritan Insurance Co., Ltd.; Corrine White ("White"); and John Does 1 through 5, claiming that defendants operated Good Samaritan and breached contractual and statutory duties, as well as the duties to exercise ordinary care.

On December 30, 2011, separate defendants Evangelical Lutheran Good Samaritan Society; Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus Hot Springs; and White removed the case to federal court,[1] alleging that the Court has subject mater jurisdiction based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.

## II.

Plaintiff moves to remand, asserting that diversity of citizenship between the parties is lacking because separate defendant White is a resident of Arkansas.  Although it appears from this argument that plaintiff was a citizen of Arkansas when he filed suit, the complaint and motion for remand are silent on the issue.  In fact, the complaint is void of any allegations regarding the parties' citizenship.[2]

---

[1] The removing defendants assert that they were not required to join Good Samaritan Insurance Company, Ltd. in the notice of removal because the separate defendant has not been served and has not appeared in this case.

[2] The complaint is silent regarding the state of citizenship for plaintiff, defendant White, and the John Doe defendants.  As for the corporate defendants, plaintiff describes Evangelical Lutheran Good Samaritan Society and Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Campus Hot Springs as foreign, non-profit corporations, with agents for service in Little Rock, and he describes Defendant Good Samaritan Society Insurance, Ltd., as a foreign corporation with its principal place of business on Grand Cayman, Cayman Islands.  In order to establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's

Likewise, the notice of removal contains insufficient information regarding the citizenship of the parties.[3]  Defendants merely allege that plaintiff improperly joined White and that complete diversity of citizenship between the parties exits when White's joinder is disregarded.

In the case of a removed action, diversity of citizenship between the parties  must exist when the state complaint is filed and when the notice of  removal is filed.  *See Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.,  263 F.3d 816, 819 (8th Cir. 2001)*(citing 28 U.S.C. § 1447(e) and *Koenigsberger v. Richmond Silver Mining Co.,* 158 U.S. 41, 49-50, 15 S. Ct. 751 (1895)). As the record stands, the Court is unable to determine the citizenship of any party at any point in time.  Additionally, assuming that plaintiff and White were citizens of the same state when plaintiff filed suit, the Court does not find fraudulent joinder.

In determining whether joinder is fraudulent,  "a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim. *Filla v. Norfolk Southern Ry. Co.,*  336 F.3d 806, 810 (8th Cir. 2003).*  Joinder is fraudulent only when applicable state precedent precludes the existence of a cause of action against a non-diverse defendant.  *See id.* at 810.  If there is a colorable cause of action–that is, if state law  *might* impose liability on the non-diverse defendant under the facts alleged in the complaint–there is no fraudulent joinder.

---

state of incorporation and its principal place of business.

[3]Defendants allege: "Upon information and belief, at the time of the commencement of this action, and through the present time, Plaintiff is domiciled in and a citizen of the State of Texas."  Docket entry #1, ¶ 2.  Defendants also state: "As indicated in Plaintiff's Complaint, the Evangelical Lutheran Good Samaritan Society is a foreign non-for-profit corporation, domiciled and based in North Dakota."  Id., ¶3.  The Court finds no such information in the Complaint regarding  Evangelical Lutheran Good Samaritan Society's domicile or base of operation.

*Id.* (quoting *Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000)).  In its review of a fraudulent joiner claim, the Court "has no responsibility to definitively settle the ambiguous question of state law." *Id.*  If the Court determines that the sufficiency of the complaint against the non-diverse defendant is questionable, "'the better practice is . . . not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'" *Id.* at 811(quoting *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

White served as Good Samaritan's administrator during Kolesar's residency at the facility.  Plaintiff alleges, among other things, that White failed to exercise ordinary care by failing to hire and maintain adequate staff and  develop and maintain proper working relationships between medical care providers and further that White knew or should have known that her failure to exercise reasonable care would result in injury to Good Samaritan's residents. Plaintiff further alleges that White's negligence was the proximate cause of injury, pain, suffering, and mental anguish sustained by Kolesar.

Defendants argue that plaintiff's negligence claim must fail because he fails to allege that White "had either a direct or indirect involvement with Ms. Kolesar's care or treatment" and thus fails to allege the existence of a duty.  A duty to exercise ordinary care is premised on a foreseeable risk of harm to others.  *See Coca-Cola Bottling Co. of Memphis, Tennessee v. Gill*, 352 Ark. 240, 255, 100 S.W.3d 715, 724 (2003)("There is no such thing as 'negligence in the air.'  Conduct without relation to others cannot be negligent; it becomes negligent only as it gives rise to an appreciable risk of harm to others.").  The Court finds no Arkansas cases that

preclude Plaintiff's ordinary negligence claim against White.  Furthermore, under the facts

alleged, the Court finds that White might be subject to liability for negligence pursuant to

Arkansas law.

Defendants further argue that White cannot incur individual liability because any conduct

on her part would be imputed to her employer under the theory of respondeat superior.  Although

the doctrine of respondeat superior imputes the negligence of an employer to the employer and

makes the latter liable for the torts of the former, the liability is joint and several.  *See Woodard

v. Holliday*, 235 Ark. 744, 751, 361 S.W.2d 744, 748 (1962)(quoting *United States v. First Sec.

Bank of Utah,* 208 F.2d 424, 428 (10th Cir. 1954); *see also Stiewel v. Borman*, 37

S.W. 404, 405 (Ark. 1896)("Every one, whether he is principal or agent, is responsible directly

to persons injured by his own negligence, in fulfilling obligations resting upon him in his

individual character, and which the law imposes upon him independent of contract.").  White's

status an employee or agent does not bar a claim against her individually.

### III.

Because the defendants removed this action to federal court, they bear the burden to

establish jurisdiction by a preponderance of the evidence, *see Altimore v. Mount Mercy College*,

420 F.3d 763, 768 (8th Cir. 2005)(citation omitted), and all doubts about federal jurisdiction must

be resolved in favor of remand.  *See Central Iowa Power Co-op. v. Midwest Independent

Transmission System Operator, Inc.*  561 F.3d 904, 912 (8th Cir. 2009)(citing *Dahl v. R.J.

Reynolds Tobacco Co*., 478 F.3d 965, 968 (8th Cir. 2007)).

For the reasons stated, the Court finds that defendants have failed to carry their burden to

establish subject matter jurisdiction and further finds that this case must be remanded to state

court pursuant to 28 U.S.C. § 1447(c).  IT IS THEREFORE ORDERED that plaintiff's motion

for remand (docket entry #8) is GRANTED.  This cause of action is hereby REMANDED to the

Circuit Court of Saline County, Arkansas.

 IT IS SO ORDERED THIS 15TH  DAY OF APRIL, 2011.


 /s/Susan Webber Wright
 UNITED STATES DISTRICT JUDGE